**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MYRA PAULUS,
      Appellant,

    v.

DEPARTMENT OF LABOR,
      Agency.

DOCKET NUMBER
PH-0432-19-0432-I-2

DATE: April 10, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Sigmund J. Kozierachi, Sewell, New Jersey, for the appellant.

Richard T. Buchanan, Esquire, and Ryan C. Atkinson, Esquire,
    Philadelphia, Pennsylvania, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her removal from Federal service for unacceptable performance pursuant to chapter 43 and denied her affirmative defenses of disability discrimination and military service discrimination under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). For the reasons discussed below,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

we GRANT the appellant's petition for review.  We AFFIRM the administrative judge's findings that the appellant failed to prove her affirmative defenses of disability discrimination under the theory of failure to accommodate and discrimination under USERRA.  We VACATE the administrative judge's finding that the agency proved the elements of its performance-based removal action, and we REMAND the appeal to the regional office for adjudication of the appellant's affirmative defenses of sexual harassment and retaliation for union and equal employment opportunity (EEO) activity and further adjudication of the merits of the removal action in accordance with this Remand Order.

## BACKGROUND

The appellant, a former GS-9 Wage and Hour Investigator, was removed from Federal service pursuant to chapter 43 after the agency determined that she failed a 100-day performance improvement plan (PIP).  Initial Appeal File (IAF), Tab 5 at 15-21.  She appealed her removal to the Board.  IAF, Tab 1.  On the initial appeal form, the appellant asserted that her removal was the result of discrimination based on "retired military service and her VA disability status." *Id.* at 4.  After an opportunity to engage in discovery, both parties filed prehearing submissions.  IAF, Tab 15 at 1, Tabs 16-27.  The appellant later submitted a timely supplemental prehearing submission, which stated that she wished to raise a claim of "unwelcome non-verbal and verbal prohibited personnel sexual harassment."  Refiled Appeal File (RAF), Tab 40 at 4.  The administrative judge subsequently issued a prehearing conference order, which noted that the appellant had raised two affirmative defenses—disability discrimination (failure to accommodate) and military service discrimination under USERRA—and advised the appellant of her burden of proof as to those defenses. RAF, Tab 41 at 5-8.  The order did not advise the appellant of the burden of proof for a claim of sexual harassment.  *Id.*

After a hearing, the administrative judge issued an initial decision finding that the agency proved the elements for sustaining its chapter 43 action and that the appellant failed to prove her affirmative defenses of failure to accommodate and military service discrimination. RAF, Tab 51, Initial Decision (ID). The appellant has filed a timely petition for review and the agency has filed a response in opposition. Petition for Review (PFR) File, Tabs 1, 5.[2]

On review, the appellant asserts the following: (1) the administrative judge made an erroneous factual finding regarding the date on which she was placed on an informal PIP and failed to consider the documents and evidence she submitted in support of her appeal, PFR File, Tab 1 at 4-5, 8; (2) the administrative judge erred in finding that the agency proved that it warned the appellant of the deficiencies in her performance before placing her on a PIP; (3) the administrative judge erred in finding that the agency gave her a reasonable opportunity to improve during the PIP period and that it provided her assistance in achieving the PIP objectives, *id.* at 5-8; (4) the administrative judge erred in denying her affirmative defenses of USERRA discrimination and failure to accommodate, *id.* at 9-12, 15-19; and (5) the administrative judge did not consider that the District Director engaged in harassing anti-union and anti-EEO conduct and that the Assistant District Director sexually harassed her, *id.* at 13-14.

## DISCUSSION OF ARGUMENTS ON REVIEW

To defend an action under chapter 43, the agency must prove the following by substantial evidence: (1) OPM approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of her position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (4) the appellant's

---

[2] The appellant's reply to the agency's response to the petition for review was filed about 3 weeks late with no good cause shown. PFR File, Tabs 4-6. Thus, we have not considered it in reaching our decision.

performance during the appraisal period was unacceptable in one or more critical elements; (5) the agency warned the appellant of the inadequacies in her performance during the appraisal period and gave her an adequate opportunity to demonstrate acceptable performance; and (6) after an adequate improvement period, the appellant's performance remained unacceptable in at least one critical element. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 15. On review, the appellant does not dispute that the agency proved elements one through four and six, and we find no reason to disturb the administrative judge's findings as to those elements. ID at 16-18.

Regarding the appellant's argument that the administrative judge made an erroneous factual finding about the date on which she was placed on an informal PIP, we find that even accepting as true the appellant's assertion that she received the informal PIP in June 2018, rather than in May 2018, as the administrative judge found, ID at 3, the appellant was on notice that the agency believed her performance was unacceptable for at least 3 months before being placed on the formal PIP in September 2018. To the extent the appellant argues that the notice was deficient because the informal PIP did not reference the critical elements of her position, PFR File, Tab 1 at 6, the U.S. Court of Appeals for the Federal Circuit has explained that "[p]erformance failures can be documented or established in any number of ways," and noted that it prescribed no specific evidentiary showing with respect to demonstrating that an appellant's pre-PIP performance was deficient, *Santos v. National Aeronautics & Space Administration*, 990 F.3d 1355, 1363 (Fed. Cir. 2021). We find that the informal PIP and the August 3, 2018 counseling memorandum put the appellant on notice that the agency believed her performance was deficient prior to her placement on the September 2018 PIP. IAF, Tab 6 at 23-24, 27-28.

The appellant has argued on review that she was denied a reasonable opportunity to improve her performance, in part, because the Assistant District Director and the District Director harassed her. PFR File, Tab 1 at 9-14.

Specifically, she claims that the Assistant District Director sexually harassed her and the District Director retaliated against her for her union and EEO activity. *Id.* at 13-14. The appellant timely raised these defenses prior to the prehearing conference, but she did not receive notice as to her burden of proof or the evidence required to prove these affirmative defenses and the administrative judge did not address them in the initial decision.[3] IAF, Tab 17 at 76-81, Tab 18 at 94-95; RAF, Tab 40 at 4-7. Accordingly, we must remand this appeal for the administrative judge to inform the appellant of her burden of proof and to explicitly advise her of the kind of evidence that is required to meet her burden as to these defenses. *See Wynn v. U.S. Postal Service*, 115 M.S.P.R. 146, ¶¶ 12-13 (2010), *overruled on other grounds by Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶ 17; *Erkins v. U.S. Postal Service*, 108 M.S.P.R. 367, ¶ 11 (2008). Because the appellant's claims of harassment are intertwined with the question of whether the appellant had a reasonable opportunity to improve her performance during the PIP period, we instruct the administrative judge to include in the remand initial decision a new analysis pertaining to this element of the agency's removal action, taking into consideration any additional evidence that is developed on remand.

The appellant has also alleged, without detail or explanation, that she filed a whistleblower complaint. IAF, Tab 17 at 9. To the extent the appellant is referring to her sexual harassment complaint and/or her EEO activity, the Board has held that reprisal for filing an EEO complaint is not protected by 5 U.S.C.

---

[3] Insofar as the administrative judge considered broadly the appellant's allegation that she was subjected to a hostile work environment, ID at 19, it does not appear that he explicitly considered claims of retaliatory hostile work environment or sexual harassment. Additionally, the basis of the appellant's alleged EEO activity is not clear from the record. It appears that she may have participated in an EEO investigation as a witness, IAF, Tab 17 at 57, and, separately, she communicated with the EEO office regarding reasonable accommodation requests, *id.* at 119. On remand, the administrative judge should clarify the basis of the appellant's EEO retaliation claim and give the appropriate notice. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 43-48 (explaining the different standards for retaliation claims brought under Title VII and the Rehabilitation Act).

§ 2302(b)(8).  *Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 10-17. However, because the record lacks detail as to the alleged whistleblower complaint, we instruct the administrative judge to give jurisdictional notice as to a potential whistleblower reprisal affirmative defense upon clarifying that the appellant intends to raise such a claim.

For the reasons set forth in the initial decision, we agree with the administrative judge's findings that the appellant failed to prove her affirmative defenses of military service discrimination and failure to accommodate. ID at 13-15, 19-21.  The appellant's arguments in her petition for review regarding these affirmative defenses merely reiterate arguments that were already raised before the administrative judge and provide no basis to disturb his findings.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.  The administrative judge shall inform the appellant of her burden of proof on the affirmative defenses of sexual harassment and retaliation based on union and EEO activity and explicitly advise her of the kind of evidence that is required to meet her burden.  The administrative judge shall also clarify whether the appellant intends to raise a whistleblower retaliation affirmative defense, and if so, he shall take appropriate action as described above.  The administrative judge shall afford the parties an opportunity for discovery and a supplemental hearing on these additional affirmative defenses if the appellant requests one.  The administrative judge must give appropriate consideration to any additional evidence developed on remand and consider its effect, if any, on whether the agency has met its burden to prove that it afforded the appellant a reasonable opportunity to improve her performance.  If the argument or evidence raised on remand affects the administrative judge's analysis as to any other element of the underlying removal

action, the administrative judge should make explicit findings regarding the same. The administrative judge must then issue a new initial decision addressing each of these issues. In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.

FOR THE BOARD: 

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.